**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

**CASE NO.: 15-22194-RAM**

☐ ___ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☒ 1st Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Roberto D. Herrera                            JOINT DEBTOR: Ana L. Delgado
Last Four Digits of SS# XXX-XX-6893                   Last Four Digits of SS# XXX-XX-4475

**MONTHLY PLAN PAYMENT:** Including trustee's fee not to exceed 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of __60__ months: In the event the Trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

- A.  $ 2036.86  for months  1  to  15 ;
- B.  $ 6032.39  for months  16  to  16 ;
- C.  $ 3764.43  for months  17  to  60  in order to pay the following creditors:

Administrative:  Attorney's Fee   $  8265.00 ( $3,565 + $2100MMM + 2100MMM +  Fee + $500M2Modify)
                 TOTAL PAID      $  4,000.00
                 Balance Due     $  4265.00    payable $ 88.59  month (Months  1  to  15 )
                                                payable $489.36  month (Months  16  to  21 )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. § 1325 (a)(5)]  Mortgages(s)/Liens on Real or Personal Property:

1. **BSI Financial Services**            Arrearage on Petition Date $ 17,703.39
   Address  314 S. Franklin St.          Regular Payment $ 857.80 /month (Months  1  to  15 )
            Titusville, PA 16354         Regular Payment $ 1584.55 /month (Months  16  to  60 )
            Loan No. xxxxx1818           Arrears Payment $ 2000.00 /month (Months  16  to  16 )
                                         Arrears Payment $  300.00 /month (Months  17  to  21 )
                                         Arrears Payment $  364.19 /month (Months  22  to  60 )

2. Select Portfolio Servicing
   Address  P.O. Box 65250               MMM Payment $ 857.80  /month (Months  1  to  15 )
            Salt Lake City, UT 84165     MMM Payment $ 1002.23 /month (Months  16  to  60 )
            Loan No. xxxxx3202

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED.**
**A SEPARATE MOTION (UTILIZING LOCAL FORM MOTION TO VALUE COLLATERAL IN PLAN) WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Value & Description of Collateral | Interest Rate | Plan Payments | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
| N/A | | | | | |

Priority Creditors: [as defined in 11 U.S.C. §507]

1.  N/A                          Total Due $_____
                                 Payable  $_____ /month (Months ____ to ___)

Unsecured Creditors:   Pay $ 30.55    month (Months  1  to  15 );
                       Pay $ 353.01   month (Months  16  to  16 );
                       Pay $ 11.85    month (Months  17  to  21 );
                       Pay $ 437.02   month (Months  22  to  60 );

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:  Modification begins in month 116 which is August, 2016.

The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is modified to be on or before May 15 each year the case is pending and that the debtor shall provide the Trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.

If the Debtor receives gambling winnings during the pendency of the plan, the Debtor shall turn over any gross winnings to the Chapter 13 Trustee for the benefit of the Unsecured Creditors.

The Debtor has filed a Verified Motion for Referral to MMM with Select Portfolio Servicing ("Lender"), loan number xxxxx32028, for real property located at 18020 SW 134th Court, Miami, FL  The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim."

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.


/s/Michael Marcer
Michael Marcer, Esq.
Attorney for Debtor

Date: 08/12/2016


LF-31(rev. 01/08/10)